**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHARLES K. SCOTT, JR. (a.k.a.) PARNELL K. CURTIS,<br><br>        Petitioner,<br>   v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>        Respondents. | NO. ED CV 22-1643-FMO(E)<br><br>ORDER OF DISMISSAL |

On September 20, 2022, Petitioner filed a "Petition for Writ of Habeas Corpus by a Person in State Custody" ("the Petition"). The Petition challenges a 1998 Riverside Superior Court criminal judgment (Petition at 2). Petitioner previously challenged this same Superior Court judgment in a prior habeas corpus petition filed in this Court. See Scott v. Ortiz, CV 01-359-HLJ(PLA). On May 15, 2007 this Court entered judgment in Scott v. Ortiz, CV 01-359-HLJ(PLA), denying and dismissing the prior petition on the merits with prejudice.

The Court must dismiss the present Petition in accordance with 28 U.S.C. section 2244(b) (as amended by the "Antiterrorism and

Effective Death Penalty Act of 1996"). Section 2244(b) requires that a petitioner seeking to file a "second or successive" habeas petition first obtain authorization from the Court of Appeals. See Burton v. Stewart, 549 U.S. 147, 157 (2007) (where petitioner did not receive authorization from Court of Appeals before filing second or successive petition, "the District Court was without jurisdiction to entertain [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) ("the prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under § 2254' may be commenced"). A petition need not be repetitive to be "second or successive," within the meaning of 28 U.S.C. section 2244(b). See, e.g., Thompson v. Calderon, 151 F.3d 918, 920-21 (9th Cir.), cert. denied, 524 U.S. 965 (1998); Calbert v. Marshall, 2008 WL 649798, at *2-4 (C.D. Cal. Mar. 6, 2008). Petitioner evidently has not yet obtained authorization from the Ninth Circuit Court of Appeals.[1] Consequently, this Court cannot entertain the present Petition. See Burton v. Stewart, 549 U.S. at 157; Remsen v. Att'y Gen. of Calif., 471 Fed. App'x 571, 571 (9th Cir. 2012) (if a petitioner fails to obtain authorization from the Court of Appeals to file a second or successive petition, "the district court lacks jurisdiction to consider the petition and should dismiss it.") (citation omitted).

---

[1] The Court takes judicial notice of the docket of the United States Court of Appeals for the Ninth Circuit, available on the PACER database. See Mir v. Little Company of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records). The Ninth Circuit's docket does not show that any individual with Petitioner's name has obtained any order from the Ninth Circuit authorizing the filing of a second or successive habeas petition in this Court.

For all of the foregoing reasons, the Petition is denied and dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: September 21, 2022.

                                                              /s/
                                         FERNANDO M. OLGUIN
                                UNITED STATES DISTRICT JUDGE

PRESENTED this 21st day of September, 2022, by:

       /s/
   CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

3